**In the Matter of the Application for the DISCIPLINE OF G.M. GORGOS, an Attorney at Law of the State of Minnesota.**

**No. CO-85-857.**

Supreme Court of Minnesota.

March 14, 1986.

William J. Wernz, Director of Lawyers Professional Responsibility Bd., Bruce E. Martin, St. Paul, for appellant.

G.M. Gorgos, Farmington, for respondent.

PER CURIAM.

On April 11, 1985 the Director of Lawyers Professional Responsibility caused a petition for disciplinary action to be served on respondent, G.M. Gorgos. On September 23, 1985, a supplementary petition followed. Gorgos failed to serve and file timely answers to either petition. The allegations of the petitions are, therefore, deemed admitted. Rule 13(c), Rules on Lawyers Professional Responsibility (RLPR). A hearing was set before this court for the purpose of considering the imposition of appropriate discipline. We now conclude that respondent should be suspended from the practice of law for six months with conditions for reinstatement and that upon reinstatement, respondent should be placed on supervised probation.

The April 11, 1985 petition for disciplinary action contained two counts of allegations concerning neglect of clients' matters. The first involved clearing title to land held by an estate. The matter was completed in 1984, six years after it was entrusted to respondent and one and one-half years after a complaint had been filed with the director due to the delay. The second was the result of failing to proceed promptly in another client's suit based on an alleged

breach of a purchase agreement. Respondent was retained to bring the suit in 1980. Its current status is unknown. These unexcused delays constitute violations of DR 6–101(A)(3), Code of Professional Responsibility (a lawyer shall not neglect a legal matter entrusted to him).

▇ The petition contained another count alleging non-cooperation with the director's investigation in connection with the above-mentioned client matters. That count lists respondent's failure to respond to three separate requests for information concerning the complaint in the matter of the land title; his failure to respond to the complaint in the breach of purchase agreement matter; and his failure to attend a meeting requested by the director and a pre-hearing meeting concerning the petition. A lawyer has an ethical obligation to cooperate in the investigation and resolution of complaints of unprofessional conduct. *In re Cartwright*, 282 N.W.2d 548, 551 (Minn.1979). Respondent's failure to cooperate in these proceedings constitutes a violation of Rule 8.1(a)(3), Minnesota Rules of Professional Conduct (MRPC) and Rule 25, RLPR.

A hearing on this petition was scheduled for June 12, 1985. Just prior to that date the court received a letter from respondent. Respondent, who had practiced law in this state since October 27, 1959, promised that such actions would not occur again and suggested that supervised probation might be an appropriate discipline in this matter. The hearing was cancelled and a meeting was held at which the director and respondent worked out the terms of a stipulation. However, after the proposed stipulation was written and sent to respondent, he failed to respond to it in any way.

In late July of 1985, about a week after the director mailed the stipulation, the director received another complaint against respondent concerning a collection matter. The complaint alleged that respondent misrepresented to the client that he had taken certain action, that he failed to return records after he was discharged, and that as a result, some of the accounts had become uncollectible. Respondent twice failed to respond to letters from the director regarding this complaint and on September 23, 1985 the supplementary petition was filed containing the complainant's allegations. These actions are violations of DR 1–102(A)(4) and (5) and Rule 8.4(c) and (d), MRPC (attorney misconduct); DR 6–101(A)(3) and Rule 1.3, MRPC (failure to diligently represent a client); DR 7–101(A)(2) (failure to carry out employment contract); DR 9–102(B)(4) and Rule 1.16(d), MRPC (failure to deliver property rightfully belonging to client); and Rule 8.1(a)(3), MRPC and Rule 25, RLPR (non-cooperation with director).

▇ From the facts admitted, it is apparent that respondent's clients have sustained damages as a result of his neglect. Moreover, respondent has exhibited indifference not only to the duties owed his clients, but also to those owed this court and the officials who police the profession. Gorgos failed to cooperate with the director's investigation in almost every instance. The one occasion when cooperation was promised, it never materialized. Any argument that probation be the only discipline is inappropriate in light of this continued non-cooperation.

In imposing a sanction we note that the purpose of disciplinary proceedings is not punishment of the respondent, but protection of the public from future harm. *In re Franke*, 345 N.W.2d 224, 228 (Minn.1984). We have weighed the nature of the misconduct and considered the cumulative weight of the disciplinary violations, the harm to the public, and the harm to the legal profession, *In re Agnew*, 311 N.W.2d 869, 872 (Minn.1981), and we conclude that we have no choice but to order suspension.

It is, therefore, the judgment of this court:

1. Respondent is suspended from the practice of law for six months, commencing one week from the date of this decision.
2. The requirements of Rule 18(e), RLPR for reinstatement following

suspension are waived, except that reinstatement shall be conditioned on respondent's successful completion of such written examination as may be required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility and on his being current in his Continuing Legal Education requirements.

3. Upon reinstatement, respondent shall be placed on supervised probation for three years.